# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ENABLE OKLAHOMA INTRASTATE TRANSMISSION, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>A 25 FOOT WIDE EASEMENT and right-of-way for underground natural gas pipeline lying and situated in the Southwest Quarter of the Southeast Quarter of the Southeast Quarter in Section 28, Township 7 North, Range 11 West of the I.B.&M., in Caddo County, State of Oklahoma, et al.,<br><br>    Defendants. | Case No. CIV-15-1250-M |

## ORDER

  Before the Court is defendants Matthew Martin Ware, Betty Lou Ware, Benjamin Blackstar, Corey Ware, Patricia Ware, Jean Ann Carter Ware, Edmond L. Carter, Carri Gwen DuPont, Patricia Ann Carter, Marcia W. Davilla, Mayredean Mammedaty Palmer, Janice C. Mammedaty, Katina Dherie Smith Lipton, William Kendrix Ware, Wesley Ware, III, Angela Rae Ware Silverhorn, Samuel Martin Ware, Rena A. Ware (Killsfirst), and Thomas Blackstar, III's ("Individual Defendants") Motion to Dismiss, filed January 15, 2016. On March 7, 2016, plaintiff filed its response, and on March 14, 2016, Individual Defendants filed their reply. Also before the Court is defendant United States' Motion to Dismiss for Lack of Jurisdiction (Rule 12(b)(1)) and Failure to Join a Necessary Party (Rule 12(b)(7) and Rule 19), filed March 7, 2016. On March 28, 2016, plaintiff filed its response, and on April 4, 2016, defendant United States filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.  Background

This is a condemnation action to condemn a twenty-five (25) foot wide natural gas pipeline easement through an approximate 137 acre tract of land in Caddo County, Oklahoma, which had originally been an Indian allotment to Millie Oheltoint (Emaugobah), held in trust by the United States Department of Interior, Bureau of Indian Affairs ("BIA"). Thirty-eight (38) Indians and the Kiowa Indian Tribe of Oklahoma ("Kiowa Tribe") own undivided interests in the tract. The Kiowa Tribe obtained its approximately 1.1% undivided interest sometime after 2008, on the death of certain Indian owners and by operation of the American Indian Probate Reform Act.

On November 19, 1980, the BIA approved the grant of a .73 acre easement across the southern part of the tract in exchange for consideration of $1,925.00 for a twenty (20) year term right-of-way for plaintiff's predecessor in interest, Producer's Gas Company, to install, construct, operate, and maintain a natural gas transmission pipeline. The natural gas transmission pipeline has been in continuous operation since its installation in the early 1980's. The original right of way expired in November 2000.

On or about June 14, 2002, plaintiff's predecessor-in-interest, Enogex, Inc. ("Enogex"), submitted to the BIA a new application for a new 20-year term regarding the existing natural gas pipeline right-of-way. Defendant Marcia Davilla, among others, rejected Enogex's offer on or about August 8, 2004. Despite the landowners' rejection of Enogex's offer, on June 23, 2008, the Acting Superintendent of the BIA's Anadarko Agency approved Enogex's application for the easement. On July 22, 2008, thirteen owners of the tract again rejected Enogex's offer for an easement by consent. Twelve of those landowners separately wrote to the acting superintendent requesting that she withdraw her decision approving Enogex's renewal request.

2

On March 23, 2010, the BIA vacated the acting superintendent's decision and remanded the case for further negotiation and instructed that if approval of a right-of-way was not timely secured that Enogex should be directed to move the pipeline. A new right of way has not been granted, and plaintiff has continued to operate the natural gas pipeline.[1] On November 11, 2015, plaintiff filed the instant action to condemn the easement pursuant to 25 U.S.C. § 357.

II.    Discussion

Defendant United States contends that the tract at issue is tribal land and, as a result, the Court has no subject matter jurisdiction to condemn the easement. Additionally, all defendants contend that the Kiowa Tribe is a required party to this action, that the Kiowa Tribe cannot be joined in this action because it has sovereign immunity from suit, and under the factors set forth in Federal Rule of Civil Procedure 19(b), equity and good conscience mandate that this action be dismissed.

   A.    Subject matter jurisdiction

Plaintiff asserts that this Court has subject matter jurisdiction over this condemnation action pursuant to 25 U.S.C. § 357. Section 357 provides:

> Lands allotted in severalty to Indians may be condemned for any public purpose under the laws of the State or Territory where located in the same manner as land owned in fee may be condemned, and the money awarded as damages shall be paid to the allottee.

25 U.S.C. § 357. Clearly, the Court would have subject matter jurisdiction over a condemnation action regarding lands that are allotted in severalty to Indians and, thus, would have jurisdiction in this case if the tract at issue was owned solely by Indians to whom the tract had been allotted in

---

[1] Individual Defendants have initiated a separate action for trespass against plaintiff for the period from November 2000 to the present.

severalty. However, in the case at bar, the Kiowa Tribe undisputedly has a 1.1% undivided interest in the tract.

Congressional legislation and Department of Interior regulations treat tribal land and allotted land differently. Regarding rights-of-ways, consent of the tribe has been required for tribal land, but consent of the individual Indians is not always required. For example, United States Code, Title 25, § 324 provides:

> No grant of a right-of-way over and across any lands belonging to a tribe . . . shall be made without the consent of the proper tribal officials. Right-of-way over and across lands of individual Indians may be granted without the consent of the individual Indian owners if (1) the land is owned by more than one person, and the owners or owner of a majority of the interests therein consent to the grant; (2) the whereabouts of the owner of the land or an interest therein are unknown, and the owners or owner of any interests therein whose whereabouts are known, or a majority thereof, consent to the grant; (3) the heirs or devisees of a deceased owner of the land or an interest therein have not been determined, and the Secretary of the Interior finds that the grant will cause no substantial injury to the land or any owner thereof; or (4) the owners of interests in the land are so numerous that the Secretary finds it would be impracticable to obtain their consent, and also finds that the grant will cause no substantial injury to the land or any owner thereof.

25 U.S.C. § 324. Further, 25 C.F.R. § 169.107 provides, in pertinent part:

> (a) For a right-of-way across tribal land, the applicant must obtain tribal consent, in the form of a tribal authorization and a written agreement with the tribe, if the tribe so requires, to a grant of right-of-way across tribal land. The consent document may impose restrictions or conditions; any restrictions or conditions automatically become conditions and restrictions in the grant.
> (b) For a right-of-way across individually owned Indian land, the applicant must notify all individual Indian landowners and, except as provided in paragraph (b)(1) of this section, must obtain written consent from the owners of the majority interest in each tract affected by the grant of right-of-way.
> > (1) We may issue the grant of right-of-way without the consent of any of the individual Indian owners if all of the

following conditions are met: . . . .

25 C.F.R. § 169.107(a),(b). Additionally, "tribal land and allotted land have been treated differently by the courts." *Neb. Pub. Power Dist. v. 100.95 Acres of Land in Cty. of Thurston, Hiram Grant*, 719 F.2d 956, 961 (8th Cir. 1983). In *Nebraska Public Power*, the Eighth Circuit held that tribal land, as opposed to allotted land, cannot be condemned pursuant to 25 U.S.C. § 357 and consent of the Secretary of the Interior and the proper tribal officials must be obtained pursuant to 25 U.S.C. § 324. *Id.*

The Court, thus, must determine whether the Kiowa Tribe's 1.1% undivided interest in the tract constitutes tribal land. Tribal land is defined in 25 C.F.R. § 169.2 as follows:

> Tribal land means any tract in which the surface estate, or an undivided interest in the surface estate, is owned by one or more tribes in trust or restricted status. The term also includes the surface estate of lands held in trust for a tribe but reserved for BIA administrative purposes and includes the surface estate of lands held in trust for an Indian corporation chartered under section 17 of the Indian Reorganization Act of 1934 (25 U.S.C. 477).

25 C.F.R. § 169.2. Because the Kiowa Tribe owns an undivided 1.1% interest in the tract that is held in trust, the Court finds that the tract is tribal land and cannot be condemned pursuant to 25 U.S.C. § 357. The Court, therefore, finds that it does not have subject matter jurisdiction over this action.

### B. Required party

Alternatively, defendants assert that the Kiowa Tribe is a required party under Federal Rules of Civil Procedure 19(a) and 71.1[2], that the Kiowa Tribe cannot be joined in this action, and that

---

[2]Rule 71.1 addresses condemning real or personal property.

this action should be dismissed pursuant to Rule 19(b).[3]  Rule 19(a)(1) provides:

> **(a) Persons Required to Be Joined if Feasible.**
> **(1) *Required Party*.**  A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
> **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
> **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).  Further, Rule 71.1(c)(3) provides:

> When the action commences, the plaintiff need join as defendants only those persons who have or claim an interest in the property and whose names are then known.  But before any hearing on compensation, the plaintiff must add as defendants all those persons who have or claim an interest and whose names have become known or can be found by a reasonably diligent search of the records, considering both the property's character and value and the interests to be acquired.  All others may be made defendants under the designation "Unknown Owners."

Fed. R. Civ. P. 71.1(c)(3).

Having reviewed the parties' submissions, the Court finds that the Kiowa Tribe is a required party to this case.  Specifically, the Court finds that because the Kiowa Tribe owns a 1.1% undivided interest in the tract at issue, Rule 71.1(c)(3) requires that the Kiowa Tribe be joined as a defendant in this case.  Further, the Court finds that in the Kiowa Tribe's absence, this Court cannot accord

---

[3]Although the Court has found that it lacks subject matter jurisdiction, the Court will address defendants' alternative argument.

complete relief among the existing parties – plaintiff cannot access the tract without a right-of-way easement that is binding on all of the owners. Additionally, the Court finds that because the Kiowa Tribe owns a 1.1% undivided interest in the tract at issue, the Kiowa Tribe clearly claims an interest relating to the subject of this action and that disposing of this action in the Kiowa Tribe's absence would leave plaintiff subject to a substantial risk of incurring inconsistent obligations because of the Kiowa Tribe's interest – the Individual Defendants' interests in the tract would be condemned but the Kiowa Tribe would retain its interest in the tract and could exclude plaintiff from the tract and could pursue claims for trespass.

While the Kiowa Tribe is a required party, the Court finds that the Kiowa Tribe cannot be joined as a party in this action. "Indian tribes have long been recognized as possessing the common-law immunity from suit traditionally enjoyed by sovereign powers." *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978) (internal quotations omitted). The Kiowa Tribe is a federally recognized tribe and has sovereign immunity from suit. *See Kiowa Tribe of Okla. v. Mfg. Tech., Inc.*, 523 U.S. 751 (1998). Further, "[i]t is settled that a waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *Santa Clara*, 436 U.S. at 58 (internal quotations and citations omitted). Plaintiff does not assert, and the Court does not find, that the Kiowa Tribe has expressly waived its sovereign immunity. Accordingly, the Court finds that the Kiowa Tribe cannot be joined under Rule 19(a) or Rule 71.1 as a defendant in this case due to its sovereign immunity.

Because the Kiowa Tribe cannot be joined as a defendant in this case, the Court must determine whether Rule 19(b) requires dismissal of this action. Rule 19(b) provides:

> **(b) When Joinder Is Not Feasible.** If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to

7

> consider include:
>> **(1)** the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>> **(2)** the extent to which any prejudice could be lessened or avoided by:
>>> **(A)** protective provisions in the judgment;
>>> **(B)** shaping the relief; or
>>> **(C)** other measures;
>> **(3)** whether a judgment rendered in the person's absence would be adequate; and
>> **(4)** whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

Fed. R. Civ. P. 19(b). Further, when "a necessary party under Rule 19(a) is immune from suit, there is very little room for balancing of other factors set out in Rule 19(b), because immunity may be viewed as one of those interests compelling by themselves." *Enter. Mgmt. Consultants, Inc. v. United States ex rel. Hodel*, 883 F.2d 890, 894 (10th Cir. 1989) (internal quotations and citations omitted).

Having reviewed the parties' submissions, the Court finds that equity and good conscience mandate that this action should be dismissed. Specifically, the Court finds that the Kiowa Tribe's sovereign immunity is an extremely compelling interest favoring dismissal of this case. Further, the Court finds that continuing this action without the Kiowa Tribe would irreparably prejudice the Kiowa Tribe and plaintiff. Granting plaintiff an easement across the tract without the Kiowa Tribe's presence in this case would materially prejudice the Kiowa Tribe's interest in the tract and, perhaps more importantly, would greatly prejudice the Kiowa Tribe's sovereign immunity rights. Further, it would prejudice plaintiff by potentially subjecting it to inconsistent obligations to the various owners of the tract. The Court also finds that there is no way to lessen the above prejudice. Providing the Kiowa Tribe compensation from a condemnation award only addresses the Kiowa

8

Tribe's property rights and does not address its sovereignty interests. There is no way to tailor any condemnation judgment to protect the Kiowa Tribe's sovereign immunity rights because it is the prosecution of this action itself that violates those rights.

Additionally, the Court finds that any judgment rendered in the Kiowa Tribe's absence would be inadequate because an incomplete condemnation judgment may be unenforceable. *See Jachetta v. United States*, 653 F.3d 898, 907 (9th Cir. 2011) ("If the United States is not a party to the action, any judicial decision condemning the land has no binding effect, so the United States may sue to cancel the judgment and set aside the conveyance made pursuant thereto."). Because the Kiowa Tribe's interest cannot be condemned in its absence, any judgment rendered in the Kiowa Tribe's absence would be meaningless. Finally, the Court finds that plaintiff has an adequate remedy if this action is dismissed. Plaintiff can acquire a voluntary easement under 25 U.S.C. §§ 323-328, the statutory scheme and administrative procedure that acts as an alternative to § 357's condemnation of allotted land in federal court.

Accordingly, the Court finds that the Kiowa Tribe is a required party under Rule 19(a) and Rule 71.1, that in light of its sovereign immunity, the Kiowa Tribe cannot be joined; and that under Rule 19(b), the Court, in equity and good conscience, must dismiss this action.

III. Conclusion

For the reasons set forth above, the Court GRANTS the Individual Defendants' Motion to Dismiss [docket no. 32] and defendant United States' Motion to Dismiss for Lack of Jurisdiction

(Rule 12(b)(1)) and Failure to Join a Necessary Party (Rule 12(b)(7) and Rule 19) [docket no. 47] and DISMISSES this action.

    **IT IS SO ORDERED this 18th day of August, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE