# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

ENABLE OKLAHOMA INTRASTATE )
TRANSMISSION, LLC, )
                                    )
           Plaintiff, )
                                    )
vs.                                )     Case No. CIV-15-1250-M
                                    )
A 25 FOOT WIDE EASEMENT and )
right-of-way for underground natural gas )
pipeline lying and situated in the Southwest )
Quarter of the Southeast Quarter and the )
West Half of the Southeast Quarter of the )
Southeast Quarter in Section 28, Township )
7 North, Range 11 West of the I. B. & M., )
in Caddo County, State of Oklahoma, et al., )
                                    )
           Defendants. )

## ORDER

Before the Court is defendants Matthew Martin Ware, Betty Lou Ware, Benjamin Blackstar, Corey Ware, Patricia Ware, Jean Ann Carter Ware, Edmond L. Carter, Carri Gwen DuPont, Patricia Ann Carter, Marcia W. Davilla, Mayredean Mammedaty Palmer, Janice C. Mammedaty, Katina Dherie Smith Lipton, William Kendrix Ware, Wesley Ware, III, Angela Rae Ware Silverhorn, Samuel Martin Ware, Rena A. Ware (Killsfirst), and Thomas Blackstar, III's (the "Individual Defendants") Motion for Recovery of Attorneys' Fees and Expenses, filed September 1, 2016. On September 21, 2016, plaintiff filed its response,[1] and on September 28, 2016, the Individual Defendants filed their reply. Based upon the parties' submissions, the Court makes its determination.

---

[1] The Court would note that plaintiff's response was untimely under Local Civil Rule 54.2, which provides that "[o]bjections to the allowance of attorney's fees must be filed within 14 days from the date the motion for attorney's fees is filed."

On November 11, 2015, plaintiff filed the instant action to condemn an easement. The Individual Defendants filed a motion to dismiss, and on August 18, 2016, this Court granted the motion to dismiss. The Individual Defendants now move this Court, pursuant to Okla. Stat. tit. 66, § 55(D), for an award of their reasonable attorneys' fees and expenses incurred in litigating this action. Plaintiff does not contest that the Individual Defendants are entitled to recover attorneys' fees and expenses in this case; however, plaintiff asserts that many of the litigation expenses claimed by the Individual Defendants are not recoverable under Oklahoma law and that the billing rates charged by the Individual Defendants' counsel should be reduced to reflect reasonable, prevailing attorney fee rates in the Oklahoma marketplace.

Section 55(D) provides, in pertinent part:

> Where the party instituting a condemnation proceeding abandons such proceeding, or where the final judgment is that the real property cannot be acquired by condemnation . . . then the owner of any right, title, or interest in the property involved may be paid such sum as in the opinion of the court will reimburse such owner for his reasonable attorney, appraisal, engineering, and expert witness fees actually incurred because of the condemnation proceeding. The sum awarded shall be paid by the party instituting the condemnation proceeding.

Okla. Stat. tit. 66, § 55(D).

The Oklahoma Supreme Court has held that attorney, appraisal, engineering, and expert witness fees are recoverable in a condemnation action. *See Okla. Turnpike Auth. v. New Life Pentecostal Church of Jenks*, 870 P.2d 762, 764 (Okla. 1994). However, the Oklahoma Supreme Court has held that other litigation expenses, such as copying, mileage, telephone and telefax expenses, and postage, are not recoverable and simply constitute components of the lawyer's overhead. *See id.* Accordingly, the Court finds that the Individual Defendants are only entitled to recover their attorney, appraisal, engineering, and expert witness fees. Because all of the expenses

requested by the Individual Defendants are "other litigation expenses" and not appraisal, engineering, and expert witness fees, the Court finds that the expenses requested by the Individual Defendants are not recoverable.

Regarding an award of attorneys' fees, the amount of fees must be grounded on the touchstone of reasonableness. Under Oklahoma law, the reasonableness of attorneys' fees is determined using the following *Burk*[2] factors: (1) the time and labor required, (2) the novelty and difficulty of the questions presented, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.[3] *See Burk*, 598 P.2d at 661. The Oklahoma Supreme Court has further held that "[r]easonable value of services should be predicated on the standards within the local legal community." *Id.* at 663. Further, "[u]nless the subject of the litigation is so unusual or requires such special skills that only an out-of-state attorney possesses, the fee rates of the local area should be applied even when the lawyers seeking fees are from another area." *Lippoldt v. Cole*, 468 F.3d 1204, 1225 (10th Cir. 2006) (internal quotations and citations omitted).

Having carefully reviewed the parties' submissions, and having considered all of the *Burk* factors, the Court finds that the Individual Defendants' requested award of attorneys' fees is

---

[2] *State ex rel. Burk v. City of Okla. City*, 598 P.2d 659 (Okla. 1979).
[3] In its untimely response, plaintiff primarily objects to the fee rates of the Individual Defendants' counsel. Plaintiff asserts that the attorney fee rates should be based on the rates in the local legal community, i.e., Oklahoma.

reasonable. Specifically, the Court finds that the hours expended by the Individual Defendants' counsel are reasonable and necessary. Further, the Court finds that under the particular, unique circumstances of the instant action, the requested hourly rates for the Individual Defendants' counsel are reasonable. Specifically, the Court finds the Individual Defendants could not afford to hire counsel and were unable to locate any counsel, let alone an attorney with expertise in Indian law, locally who would represent them. In her affidavit, Stephanie Hudson, Executive Director of Oklahoma Indian Legal Services ("OILS"), states that OILS determined there was no counsel in Oklahoma who would be able to represent the Individual Defendants. *See* Affidavit of Stephanie C. Hudson, attached as Exhibit 1 to the Reply in Support of the Individual Defendants' Motion for Recovery of Attorneys' Fees and Expenses, at ¶ 3. Further, Ms. Hudson states:

> There are a limited number of attorneys in Oklahoma who solely practice Federal Indian law. There are even fewer who represent Tribal members with Federal Indian law issues on a pro bono basis. An action of this complexity requires counsel who understands the unique relationship of individual Tribal members, the Bureau of Indian Affairs and Trust Indian land. It also requires counsel who has already built relationships with individual Tribal members.

*Id.* at ¶ 6. Ms. Hudson finally states that OILS does not have attorneys available or the financial resources to take on an action of this magnitude. *See id.* at ¶ 7.

Accordingly, the Court GRANTS the Individual Defendants' Motion for Recovery of Attorneys' Fees and Expenses [docket no. 57] and AWARDS the Individual Defendants attorneys' fees against plaintiff Enable Oklahoma Intrastate Transmission, LLC in the amount of $103,546.50.

**IT IS SO ORDERED this 9th day of August, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE